07 CV 10346
J.S.R.
'ECF CASE"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK

GEORGE JOSEPH SALLAI,
    Plaintiff,

**SUMMONS IN A CIVIL ACTION**

vs.

CASE NUMBER

**07 CV 10346**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
    Defendants.

**JUDGE RAKOFF**

TO THE DEFENDANTS NAMED ABOVE:

This document is a summons.

Each one of you named above is summoned and required to serve an answer to the complaint that was served along with this summons. Each of you must serve your answer to this complaint within 20 days of the service of this summons on you. The 20-day period for your answer does not include the day on which you were served with this summons.

Your answer to the complaint must be served on Manuel Moses, Esq., whose address is 236 West 26th Street Suite 303, New York, New York 10001. Manuel Moses, Esq. is the attorney for George Joseph Sallai in this matter.

If you fail to serve a timely answer to the complaint, judgment by default will be taken against you for the relief demanded in the complaint, regardless of what happens with or to any of the other defendants listed above.

J. MICHAEL McMAHON
Clerk

NOV 1 5 2007
Date

*[signature: Marcos Quintero]*

By Deputy Clerk

COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK
-----------------------------------------X   JUDGE RAKOFF

GEORGE JOSEPH SALLAI,
               Plaintiff,

Civil Action No. 07 CV 10346

VERIFIED COMPLAINT
FOR DAMAGES

vs.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
               Defendants.
-----------------------------------------



RECEIVED NOV 15 2007 U.S.D.C. S.D. N.Y. CASHIERS

## JURISDICTION

1. This suit is brought pursuant to a Civil Rights Violation against GEORGE JOSEPH SALLAI, a resident of the County of Kings, and the deprivation of his rights, privileges, and immunities secured by the Constitution of the United States of America, and of the State of New York, and his rights pursuant to 42 USC § 1983, by those who under color of statue or regulation of a state and the cause of action arising in the County of New York.

2. That at all times mentioned, Defendant The City of New York (City), was and is a municipal corporation, duly organized and existing, under and by virtue of the laws of the State of New York.

3. That prior to the institution of this action, and within ninety (90) days from the date when the cause of action accrued herein; a notice of claim and intention to sue was duly served upon and filed with the City that this action was not commenced until the expiration of thirty (30) days, after such notice of claim, and intention to sue was presented, and the City has neglected and/or refused to make adjustment or payment

thereon, and this action is being commenced within one year and ninety days after the cause of action accrued herein.

4. That at all times herein mentioned, the City of New York operated, controlled, and maintained a police force known as the New York City Police Department headquartered in the County of New York.

5. That at all times herein mentioned, "Jane and John Does" (hereinafter "the police officers"), were and are police officers employed by the New York City Police Department.

6. That at all times herein mentioned, the police officers were acting within the scope and course of their employment with the City of New York Police Department, and under color of state law.

7. That at all times herein mentioned, DUANE READE is a drug/convenience store, doing business in New York County, with many stores in that county, and a foreign business corporation, registered with the New York Secretary of State to do business in New York.

8. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules §1602 with respect to joint and several liability.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY AND THE EXCESSIVE USE OF FORCE BY THE NEW YORK CITY POLICE DEPARTMENT

9. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

10. That on or about September 21, 2006 at 102ND Street and First Avenue on the sidewalk thereon, in the Borough of Manhattan, County of New York. Upon information and belief, the New York City Police Department officers, about 10-15 in number, were dispatched to said location, and confronted Plaintiff GEORGE JOSEPH SALLAI, in a bodega asking him to come outside. He complied without any resistance. At all times herein mentioned, it should be noted: Defendants, the police officers, were called to arrest the Plaintiff GEORGE JOSEPH SALLAI, as an alarm falsely initiated by Duane Reade Employees in a nearby store who falsely accused the Plaintiff of stealing, and having been in this same store stealing before. In fact - Plaintiff was never before in this store as he was incarcerated for an extended period of time, only recently having been released, and this store was not even built before he went into prison. This present arrest for those things charged were unfounded, and without any good cause, as Plaintiff was obeying the law, and at all times had been obeying the law, and a failure to properly investigate the arrest by the New York City Police Department – directly in due course - was therefore an arrest without probably cause, and without proper basis for an arrest, for those things charged. It was a false arrest and subsequent false imprisonment, without jurisdictional grounds, for which these charges was later dismissed – but not before the Plaintiff had spent considerable time imprisoned: about 11 days.

11. Once outside the bodega, the Plaintiff was put in handcuffs by the New York City arresting police officers. Plaintiff GEORGE JOSEPH SALLAI asked why was he being arrested. The arresting police officer did not respond; nor was Plaintiff read his Miranda Rights in violation of the Fifth Amendment; nor was Plaintiff resisting arrest.

12. Then, while in handcuffs, and in the presence of witnesses, Plaintiff said, "Why are you trying to throw me face first to the ground; just put me in the squad car

like you are suppose to; like I am a human being." And with Plaintiff, still not resisting arrest; the arresting officers using excessive force - hit him with a night stick in the back of his legs to drop him to the knees, then, while on his knees, the other officer slammed

him face first - to the hard cement sidewalk, and this caused a serious laceration to his left eye which later required about 10 stitches to close, and created consequent vision problems and palpitations (excessive uncontrolled movement) in the left eye; and also caused other serious personal injuries. At the time this occurred Plaintiff was handcuffed - as his shoulder and face then hit the ground, and this caused injuries to his shoulder, as he was handcuffed behind his back, when he was thrown. At this time about five officers were beating up the Plaintiff: kicking him, and hitting him, and he once again exclaimed; "Why aren't you putting me in the car. You are suppose - to just put me in the car!" The arresting police officers did not respond – they merely continued to use excessive force and beat him.

13. Then one arresting male, police officer – again - using excessive force - drove his knee into the rear of Plaintiff's neck, pinning him on the ground, and intentionally leaning on Plaintiff's neck, with his full body weight, causing severe neck injuries to the Plaintiffs spine, and body tissues: head, neck, back, shoulder, numbness in his fingers, ongoing pain, plaintiff today, has difficulty lifting his right arm over his head; pain in right forearm, chronic pain in the neck, shooting back pain, and other associated injuries (some as yet unascertained.) These pains and injuries have created and caused plaintiff to experience limitations in his place of employment and work and daily life activities. This use of excessive force also caused and is causing the Plaintiff to have headaches and vision problems. *[It should be noted that the face of the Plaintiff was so badly beaten he had to be taken to the Hospital, emergency room, before he would be released to the Department of Corrections, as the Department of Corrections wanted his face photographed, because they were fearful that they would*

*be the ones accused of the police brutality that had been committed against the Plaintiff by the NYPD.]*

14. All this occurred in clear violation of the Plaintiff's Constitutional rights that the aforesaid actions, and resulting injuries to GEORGE JOSEPH SALLAI, were the ████ of his rights, privileges, and immunities secured by the Constitution of the ████ of America, and of the State of New York, and his rights pursuant to 42 ████, by those who under color of statue or regulation of a state: caused him to ████rived.

15. That the defendants herein conspired to deprive GEORGE JOSEPH SALLAI ████ federal civil rights, in violation of 42 USC § 1985, and also taking no action to ████vent or stop those said injuries from taking place.

16. And as a result Defendants are jointly, and severally liable, for the assault and battery; intentional and excessive use of force, and the wanton disregard for the personal safety of the Plaintiff including: carelessness, negligence, recklessness, and responsibility owed to an arrested person in handcuffs, and thereby: causing Plaintiff serious physical injuries, scaring, emotional pain, emotional anguish, suffering, medical expenses, loss of services, and making Plaintiffs entitled to monetary damages, of an amount to be determined at trial.

17. And because of the intentional nature of this tort or civil wrong, and violation of numerous Constitutional rights of the Plaintiff, and particularly those involving excessive use of force by the New York City Police Department; Plaintiff also moves for exemplary or punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE, AND NEGLIGENT HIRING, AND NEGLIGENT SUPERVISION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint, with the same force and effect as if fully set forth at length herein.

19. That the aforesaid actions, and resulting injuries to GEORGE JOSEPH are due to the negligence of the City, its agents, servants, and employees but not limited to, the police officers in the execution of their duties, their screening, and their retention as police officers, and making the City of New York and the New York City Police Department, liable, under the New York, Federal and Common Law doctrine including and not limited to that of vicarious liability and respondeat superior.

20. Plaintiff demands judgment in an amount to be determined at trial for negligence and negligent supervision including punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION FALSE ARREST

21. Plaintiffs repeat and reallege each and every allegation contained above, as though set forth at length herein.

22. That the aforesaid actions, and resulting injuries to GEORGE JOSEPH SALLAI, resulted in his false arrest without any right or justifiable grounds, as the action was later dismissed and also not properly investigated by Defendants.

23. Plaintiff demands judgment at an amount to be determined at trial including punitive and exemplary damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FALSE IMPRISONMENT

24. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

25. That the aforesaid actions, and resulting injuries to GEORGE JOSEPH SALLAI resulted in his false imprisonment, without any right or justifiable grounds, and also as a result of the Defendants failure to properly, arrest, investigate, and remedy the Duane Reade call with Plaintiff's release.

26. It should be noted that as a result of the injuries sustained by the Plaintiff: he had to undergo extensive care and medical treatment within the prison facility, including having to take maximum pain medication, in a futile attempt to relieve the severe pain and suffering he was undergoing. He was also told by the treating eye doctor that because his eye is palpitating (experiencing uncontrolled movement), he should have Botox treatments to deaden the nerve; all this occurring, psychologically compounding his injuries; with the false imprisonment, when he should have been undergoing treatment with a doctor in a therapeutic setting; and so Plaintiff demands judgment at an amount to be determined at trial on false imprisonment, and its associated pain and suffering including exemplary and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION MALICIOUS PROSECUTION

27. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

28. That the aforesaid actions, and resulting injuries to GEORGE JOSEPH SALLAI was malicious prosecution, without and basis for probable cause, and without properly identifying the Defendant's action or purpose, resulting in Plaintiff's; arrest,

injury, confinement, and damage to his reputation, humiliation, debasement, in front of friends or relatives, severe emotional anguish, of the plaintiff without any right or justifiable grounds and combined with police brutality.

29. The Plaintiff demands judgment in an amount to be determined at trial [illegible] and punitive damages.

## SIXTH CAUSE OF ACTION THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[30.] [Plaintiff]s repeat and reallege each and every allegation contained above as [though set forth] at length herein.

[31. That] the aforesaid actions, and resulting injuries to GEORGE JOSEPH [SALLAI result]ed in the intentional infliction of emotional distress, causing him to suffer [extreme] emotional pain, suffering, and psychological injury.

32. The Plaintiff demands judgment in an amount to be determined at trial including exemplary and punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

34. That the aforesaid actions, and resulting injuries to GEORGE JOSEPH SALLAI was also the negligent infliction of emotional distress; in negligently breaching a duty of care and causing Plaintiff a severe shock to his nervous system, and causing him to suffer extreme emotional pain, suffering, and psychological injury.

35. The Plaintiff demands judgment in an amount to be determined at trial, including exemplary and punitive damages.

## AS AND FOR A EIGHTH CAUSE OF ACTION THE DEPRIVATION OF CONSTITUTIONAL RIGHTS AND AN UNJUST LIBERTY RESTAINT

36. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein. All said causes of action occurred in clear violation of Plaintiff's Constitutional rights that the aforesaid actions, of the Defendants against GEORGE JOSEPH SALLAI, were the deprivation of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983, by those who under color of statue or regulation of a state, caused him to be so deprived. It should also be noted that any alledged defense that Plaintiff resisted arrest, is unfounded, as the charges were dismissed, and at the time he was also under an unjust liberty restraint, and more particularly, so that one who at some level, resists police brutality is not resisting arrest. Although George Sallai did not so resist.

37. That the defendants herein conspired to deprive GEORGE JOSEPH SALLAI of his federal civil rights, in violation of 42 USC § 1985 and so Plaintiff moves for exemplary and punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION PECUNIARY DAMAGES AND LOST WAGES

38. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

39. Plaintiff is a skilled craftsman and a member of a Trade Union Locals 608 Carpenters Union and Local 79 of the International Labor's Union, and is capable of earning an hourly wage in excess of $42 dollars an hour.

40. Plaintiff, as a result of the injuries he sustained, can not perform within the regular trade for which he is employable. And has a present job in a construction related area – but performs with significant limitations of motion, and cannot do the heavy lifting and much of the associated manual labor, as is required of a person in his employment capacity.

41. As a result Plaintiff has suffered an amount in lost and or reduced wages, to be determined at trial.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DUANE READE

## MORE SPECIFICALLY AND NOW AMPLIFIED:

## FOR FEAR OF ASSAULT AND ATTEMPTED BATTERY

42. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein as Duane Read having joint and several liability with the City of New York and its agents or employees.

43. The combined causes of action above also involving Duane Reade and more specifically as to assault.  The employees of the store falsely accused Plaintiff of stealing, and also attempted to come after him with large mop and broom stick handles – so as to assault him and attempt battery.  Plaintiff left the store before an altercation could occur.  This attempted assault was without provocation and entirely unjustified, as the plaintiff had not stolen anything, nor was Plaintiff threatening anyone or anybody.

44. Plaintiff moves for exemplary and punitive damages on this cause of action, because of the intentional nature of the store employees actions and type of civil wrong they committed.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DUANE READE MORE SPECIFICALLY AND NOW AMPLIFIED: FOR NEGLIGENT HIRING AND NEGLIGENT SUPERVISION

45. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

46. The employees of Duane Reade who committed the act(s) against Plaintiff, in failing to properly screen, negligently hire, supervised, and train, their employees by their managers or the managers or corporation themselves who are also liable under the common law and legal doctrine of vicarious liability and respondeat superior and plaintiff moves for exemplary or punitive damages for the type of civil wrong their employees committed and the direct responsibility Duane Reade bears.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DUANE READE MORE SPECIFICALLY AND NOW AMPLIFIED: FOR MALICIOUS PROSECUTION

47. Plaintiffs repeat and reallege each and every allegation contained above as though set forth at length herein.

48. The employees of Duane Read summoned the police officers without any valid basis to do so. Not having uncovered any lost or stolen iteams; without observable probably cause of theft, and without any cause what so ever. They had no valid basis either as private citizens or store employees, under law, to summons the police. It was merely for the purposes of harassment and intentional malicious prosecution.

49. Plaintiff moves for punitive and exemplary damages for intentional malicious

prosecution, the waste of judicial resources, in bringing a falsely accused man through a criminal proceeding, and the associated combination of horrific events that the Plaintiff was made to endure.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DUANE READE MORE SPECIFICALLY AND MORE AMPLIFIED FOR NEGLIGENCE AND RECKLESSNESS

50. Duane Reade employees were negligence, reckless, and with wanton disregard for the truth; assumed that the Plaintiff was stealing and was in the same store on a previous occasion.

51. This was false - and starting a entire chain of events heretofore iterated, for which under Civil Practice Laws and Rules Article 16 Defendant(s) are also jointly and severally liable.

### JURY

52. Plaintiff demands a trial by jury.

### PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount to be determined at trial:

1. For all damages including: past and future medical expenses, past and future lost wages, past, present, and future pain and suffering, scaring, past present and future emotional distress, on all the specified and pleaded causes of action;

2. Plaintiff also moves for exemplary or punitive damages based on the intentional nature of the torts and numerous violations of Plaintiff's fundamental common law rights, and fundamental Constitutional law rights, to be free in person and property free of liberty restraints and brutality;

3. We also move together with the all costs, and disbursements, associated with these causes of action and attorney's fees pursuant to 42 USC § 1988. And any other remedy the Court deems just, fair and equitable.

Dated: November 14, 2007

New York, New York

Yours, etc.

By: Manuel Moses, Esq.
236 West 26th Street Suite 303
New York City, New York 10001
(212) 736-2624 x11
(212) 981-0528 FAX

To: The City of New York
Corporation Counsel
100 Church Street
4th Floor Window
New York, New York

The New York City Police Department
One Police Plaza
New York, New York 10038

TO: DUANE READE INC. Through the New York Secretary of State

VERIFICATION

     MANUEL MOSES, ESQ., an attorney duly admitted to practice law in the State of New York, hereby affirms the truth of the following under penalty of perjury and pursuant to CPLR 2106:

I am the attorney for plaintiff GEORGE JOSEPH SALLAI, and I have read the contents of the foregoing and it is true of my own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters I believe them to be true.

(X)    I make this verification because Plaintiff, GEORGE JOSEPH SALLAI, resides outside of the county where MANUEL MOSES, ESQ. maintains his office.

                        Dated: New York, New York
                            November 14, 2007

                            MANUEL MOSES, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK

GEORGE JOSEPH SALLAI,
        Plaintiff,

Civil Action No. _____

VERIFIED COMPLAINT
FOR DAMAGES

vs.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
        Defendants.

*Manuel B. Moses, Esq*
*236 West 26th Street Suite 303*
*New York, New York 10001*
*(212) 736-2624 x11*

## VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in he annexed documents are not frivolous.

Dated: November 14, 2007.    Signature: _____
                                          **Print Signer's Name: Manuel Moses**

Service of a copy of the within is hereby admitted.
Dated:                            Print Signer's Name:

**PLEASE TAKE NOTICE**
☐    that the within is a (certified) true copy of a _____
        entered in the office of the clerk of the within named Court on _____
☐    that the Order of which is a true copy will be presented to the Hon. _____ one of the judges of the within named Court.

Dated: New York, New York

Manuel Moses, Esq
236 West 26th Street Suite 303
New York, NY 10001
(212) 736-2624 x11