UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GEORGE JOSEPH SALLAI,

**ANSWER**

Plaintiff,

07 CV 10346 (JSR)

-against-

Jury Trial Demanded

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, JANE AND JOHN DOE
POLICE OFFICERS, DUANE READE INC.,

Defendants.

------------------------------------------------------------------------ x

Defendants the City of New York and the New York City Police Department ("City defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that the City of New York is a municipal corporation.

3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that what purports to be a Notice of Claim was received by the Comptroller's Office on or about February 1, 2007, and admit that matter has not yet been settled.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York maintains a police department.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations about "Jane and John Does" (the police officers).

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations about "the police officers".

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

8.    Deny the allegations set forth in paragraph "8" of the complaint and respectfully refer the Court to N.Y.C.P.L.R. § 1602 for an accurate reflection of its contents.

9.    In response to the allegations set forth in paragraph "9" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "8" inclusive of their answer, as if fully set forth herein.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint[1].

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint.

---

[1] As of January 9, 2008, defendants have not received a fully executed release for records sealed pursuant to NY CPL §160.50, despite having forwarded said release to plaintiff on December 7, 2007.

17.     Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

18.     In response to the allegations set forth in paragraph "18" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "17" inclusive of their answer, as if fully set forth herein.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

21.     In response to the allegations set forth in paragraph "21" of the complaint, city defendants repeat and reallege the responses set forth in paragraphs "1" through "20" inclusive of their answer, as if fully set forth herein.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

24.     In response to the allegations set forth in paragraph "24" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "23" inclusive of their answer, as if fully set forth herein.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

27.    In response to the allegations set forth in paragraph "27" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "26" inclusive of their answer, as if fully set forth herein.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

30.    In response to the allegations set forth in paragraph "30" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "29" inclusive of their answer, as if fully set forth herein.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

33.    In response to the allegations set forth in paragraph "33" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of their answer, as if fully set forth herein.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

36.    In response to the allegations set forth in paragraph "36" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "35" inclusive of their answer, as if fully set forth herein and deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" inclusive of their answer, as if fully set forth herein.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     In response to the allegations set forth in paragraph "42" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "41" inclusive of their answer, as if fully set forth herein.  To the extent paragraph "42" of the complaint contains legal conclusions, City defendants deny the allegations.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     In response to the allegations set forth in paragraph "45" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "44" inclusive of their answer, as if fully set forth herein.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.    In response to the allegations set forth in paragraph "47" of the complaint, City defendants repeat and reallege the responses set forth in paragraphs "1" through "46" inclusive of their answer, as if fully set forth herein.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint, except admit that plaintiff purports to demand a trial by jury.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

53.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

54.    City Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

55.    At all times relevant to the acts alleged in the complaint, City defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

56.    This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

57.     This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

58.     There was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

59.     There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

60.     Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

61.     At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

62.     The New York City Police Department is not a suable entity.

**WHEREFORE,** defendants the City of New York and the New York Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 14, 2008


                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants the City of New York and
                                    the New York City Police Department
                                    100 Church Street, Room 3-196
                                    New York, New York 10007
                                    (212) 788-9567

                              By:   _____
                                    Suzette Corinne Rivera
                                    Assistant Corporation Counsel
                                    Special Federal Litigation


To:      BY ECF
         Manuel Moses, Esq.
         Attorney for Plaintiff

Index No.  07 CV 10346 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE JOSEPH SALLAI,

                                              Plaintiff,

                        -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, JANE AND
JOHN DOE POLICE OFFICERS, DUANE
READE INC.,

                                              Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants the City of New*
*York and the New York City Police*
*Department*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Suzette Corinne Rivera*
*Tel:  (212) 788-9567*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ................................................, 200......*

*................................................................................ Esq.*

*Attorney for ................................................................*