**Manuel Moses, Esq.**
236 West 26th Street Suite 303
New York, New York 10001
(212) 736-2624 ext. 11
(212) 981-0528 Fax.

January 21, 2008

Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
212-788-9567
FAX 212-788-9776

Re: George Joseph Sallai v. City of New York et al…
07-CV 10346

Dear Ms. Rivera:

Here are our preliminary demands. Please focus on providing us with timely relevant evidence. More specifically, our entire request is geared to this event and also do not ignore any similar past incidents or complaints against the arresting officers that would otherwise not be readily evident from these demands. Please include those as well, as they are extremely probative.

Thank you very much.

Very truly yours,

Manuel Moses, Esq.

THE INFORMATION CONTAINED IN THIS ELECTRONIC MESSAGE AND ANY ATTACHED DOCUMENT(S); IS INTENDED ONLY FOR THE PERSONAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION- AND/OR ATTORNEY WORK PRODUCT- AND AS SUCH- IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE BE ADVISED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISTRIBUTION, DISSEMINATION OR COPYING OF THIS MESSAGE IS PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY, BY RETURN EMAIL OR BY TELEPHONE (212) 736-2624 x11. THANK YOU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK
-------------------------------------------------------X
GEORGE JOSEPH SALLAI,
        Plaintiff,

Civil Action No.07-CV 10346

vs.

## COMBINED DEMANDS

**INSTANT REQUEST FOR
FACT WITNESS INFORMATION**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
        Defendants.
-------------------------------------------------------X

**S I RS OR MADAM:**

    **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 the plaintiff(s), hereby demands that you furnish the undersigned attorney for the aforesaid plaintiff(s): Rule 26 (a) (i): the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    **ADDITIONAL DEMAND IS MADE PURSUANT TO** Rule 26(a)(1) and (2) for witnesses planned to be called for reasons of impeachment wherein, provide and promptly file the information about the evidence that it may present at trial other than solely for impeachment:

    **PURSUANT TO THIS RULE PROVIDE:**
    (i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
    (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

    **PLEASE TAKE FURTHER NOTICE,** that Plaintiff's demand for witness information is continuing and ongoing and Plaintiff reserves their right to supplement or amend this demand up to and including the time of trial.

**Certification Pursuant to** *USCS Fed Rules Civ Proc R 26G for fact witness information. Counsel for Plaintiff affirms under penalties of perjury that t*o the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Dated: January 21, 2008
New York, New York

        MANUEL MOSES, ESQ.

        */s/ Manuel Moses*

        Manuel Moses, Esq.
        236 West 26th Street Suite 303
        New York, New York 10001
        jibaru@nyc.rr.com
        Telephone (212) 736-2624 x11
        FAX: (212) 981-0528

To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK
------------------------------------------------------X
GEORGE JOSEPH SALLAI,
    Plaintiff,

            Civil Action No.07-CV 10346

  vs.        **REQUEST FOR THE NAMES**
            **OF PARTY POLICE OFFICERS**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
    Defendants.
------------------------------------------------------X

**S I RS OR MADAM:**

  **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 the plaintiff, hereby demands that you furnish the undersigned attorney for the aforesaid plaintiff: Rule 26 (a) (i):  the name and, if known, the address and telephone number or address for service of process of the above named JANE OR JOHN DOE POLICE OFFICERS as also required during the conference with Judge Rakoff held on January 17, 2008.

  **PLEASE TAKE FURTHER NOTICE,** that Plaintiff's demand for party information is continuing and ongoing and Plaintiff reserves their right to supplement or amend this demand up to and including the time of trial.

**Certification Pursuant to** *USCS Fed Rules Civ Proc R 26G for request for names and addresses of party police officers:. Counsel for Plaintiff affirms under penalties of perjury that t***o the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and  (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.**

Dated: January 21, 2008
New York, New York

                              MANUEL MOSES, ESQ.
                              _____
                              Manuel Moses, Esq.
                              236 West 26th Street Suite 303
                              New York, New York 10001
                              jibaru@nyc.rr.com
                              Telephone (212) 736-2624 x11
                              FAX: (212) 981-0528

To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK

------------------------------------------------------------X

GEORGE JOSEPH SALLAI,
          Plaintiff,

Civil Action No.07-CV 10346

vs.

**DEMAND FOR DOCUMENTS
INSTRUCTIONAL MATERIALS
TAPES AND RECORDINGS**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
          Defendants.

------------------------------------------------------------X

**S I RS OR MADAM:**

    **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 the plaintiff, hereby demands that you furnish the undersigned attorney for the aforesaid plaintiff: a copy--or a description by category and location--of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to your defenses, and also (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**I. GENERAL INSTRUCTIONS**

A. Definitions

Except as otherwise expressly indicated, as used in the Document Request:

1. "Plaintiff" and means GEORGE JOSEPH SALLAI,

2. "Defendant" mean all those in the above captioned cause of action.

3. "Property" means all the property owned by the Defendants in the above caption.

4. "Person" means any natural person or any business, legal or governmental entity or association.

5. "Complaint" means the Verified Complaint served in this action.

6. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7. "Defendant Employee" means any police officer, academy instructor, police department employee, director, employee, agent, attorney, accountant or other person acting or purporting to act on behalf of the Defendants in the above captioned cause of action whether currently or at any time employed by either of them.

8. Reference to any entity includes each of its officials, officers, directors, employees, agents, attorneys, or other persons acting or purporting to act on behalf of the foregoing, whether currently or formerly employed or retained in these capacities.

9. The word "document" means any handwritten, printed, computer-produced, typed, photographed, phone or tape recorded graphic matter, however otherwise produced or reproduced, and includes, without limitation, all communications, reports, correspondence, telegrams, memoranda, summaries of records, personal conversations or interviews, diaries, records, accounts, telex files, teletype files, facsimile files, contracts, notes, marginal notations, photographs, ledgers or other records of original entry, bank statements, checks (back and forth), drafts of any of the foregoing, bank deposit slips, newspaper reports and all other recordings or writings of whatever nature and description. "Document" shall include originals (or copies if originals are not available) and non-identical copies (whether different from the original because of handwritten notes or underlining or otherwise) and any translations of any document.

10. The term "relating to" means constituting, concerning, mentioning, discussing, referring to, involving, pertaining to, connected with, relying upon, or in any way relevant to the indicated item, person or event.

11. If any document, or any portion of any document, is withheld under claim of attorney-client privilege or upon any other ground, the respondent withholding the document shall furnish a list, signed by the person supervising the response to this request, identifying each document withheld and stating with respect to each:

a. the date and number of pages of the document and the identities of its author, addressee, and each person to whom copies were sent or were to be sent;

b. the subject matter of the document;

c. the identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

d. if the document is withheld on the grounds of attorney-client privilege;

(i) each basis for such claim of privilege, and

(ii) the identity of each person who was privy to any asserted privileged communication reflected in the document; and

e. If the document is withheld on any ground other than attorney-client privilege, each basis which respondent contends justifies its withholding the document.

12. The names of all Defendant's personnel, employees or agents, or witnesses who may be required to be called at a proceeding or trial who have knowledge or information related to the requested document(s) discovery requests herein including but not limited to the department heads for the NYPD; the training academy of the NYPD, and any associated and related agencies for which you have such discovery information not protected at law, such as the Civilian Complaint Review Board and if protected by law and in your possession please site to the relevant law claiming legal protection from discovery.

a. [specify name];

b. Mr./Ms. [specify name];

c. Mr./Ms. [specify name];

d. Mr./Ms. [specify name];

e. Mr./Ms. [specify name];

## II. DOCUMENT TAPES AND OTHER MATERIALS REQUEST:

13. The arrest report of the NYPD – and all associated documents, for this incident in its entirety.

14. New York City Police Department Personnel Records for the party police officers. And any internal affairs investigation reports on said specific officers.

15. Police Logs of all NYPD officers on the scene, for any relevant information they may contain.

16. Police car/officer name dispatch log of the NYPD dispatcher.

17. I want and demand all 911 tapes; radio transmissions between car and dispatcher, all recorded telephone conversations, at the time of the emergency.

18. Names of supervising officer on the scene of the arrest.

19. Names of arresting officer(s) particularly the one who actually cuffed and threw plaintiff to the ground, and then further restrained plaintiff with their full body weight as alleged in our complaint. And these arresting officer's personnel files in their entirety (if it has nothing

more than their attendance record – let me decide their worth.) And if any Civilian Complaint Review Board proceedings were conducted against said officers or internal affairs investigations conducted against them – I must know, so that I can make formal motion or whatever is required for their production.

20. Any internal affairs generated reports of the NYPD regarding our cause of action.

21. Any Deputy Commissioner – Legal Matters generated report (subject to discovery e.g. related investigations, and not attorney work product, but conducted as a matter of course by the NYPD.)

22. Photographs (of plaintiff and others), and all arrest records within the Department of Corrections and the NYPD: related to this incident.

23. Arrest record of Plaintiff - on this specific arrest - and copies of the DA file - and copies of the public Court file - for this docket number of the arrest in question. And a summary plaintiff entire arrest record that is planned to be used to impeach the plaintiff – if this is not disclosed, then I will move to preclude their use at trial. Please note that we have provided a release of by Plaintiff for this specific docket number and case. Kindly copy same to plaintiff's counsel of materials retrieved.

24. Name of the hospital Plaintiff was taken to after the arrest. (It is not known at this time and we have to execute mutual releases in this regard.)

25. Training manuals and ongoing curricular related to arrest procedures of the NYPD. It is my understanding this will have to be secured from the police academy. Another source would be the training archive unit of the police academy. Also if they this academy has any videos related to training on arrest and pre-arrest questioning or arrest related to Constitutional Law and the CPL related to arrest – <u>I definitely want that</u>. Also - if this information and instruction was in the form of demonstration or lecture or memorialized in a video tape or CD including the names of the main instructors who train in arrest procedures at the academy: this materials are a must have for my plaintiff.

26. Most recent Patrol Guide memos of the NYPD, related to immediate call response and arrest, and processing of the arrested. (I have some that I will gladly share with all sides - upon request that I copied from the Municipal Library in Manhattan for NYC.)

27. I would also like to stipulate that the arresting officers and other NYPD officers involved in this action will <u>*not discuss the case with one another: in order to avoid the "blue wall of silence," common to these cases.*</u>

28. All photos of the scene charts and diagrams or transparencies, you plan to introduce at trial or use during depositions or any that will be helpful and evidentiary to plaintiff's cause of action.

28. Any and all reports made in connection with the cause of action and any other document for specifically requested but relevant and in defendant's possession.

**PLEASE TAKE FURTHER NOTICE** that any of the documents in this demand no so identified the Plaintiff will object at the trial of this action to the admissibility of those said documents no so identified.

**PLEASE TAKE NOTICE** the plaintiff(s) shall rely on all sanctions provided by law or sought through motion shall be made to the above Court for an Order directing compliance plus costs of this motion.

**PLEASE TAKE FURTHER NOTICE** that all of the demands above are continuing demands and that if any of the above items or information are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to this demand. The plaintiff will object upon trial to any material or information not furnished to the plaintiff pursuant to these demands and will move to preclude the defendant from offering into evidence at the trial of this action any evidence as to those matters herein above demanded by the plaintiff but not furnished to the plaintiff.

**PLEASE TAKE FURTHER NOTICE,** compliance with the time limit for this demand is those to be strictly followed by the Civil Case Management Plan of Judge Rakoff, and that as the above demands are continuous in nature, the plaintiff reserves his right to amend of supplement the combined demand for discovery and inspection up to and including the time of trial in this action.

*Certification Pursuant to USCS Fed Rules Civ Proc R 26G for Combined Demands. Counsel for Plaintiffs affirms under penalties of perjury that to the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.*

Dated: January 21, 2008
New York, New York

       MANUEL MOSES, ESQ.

       *[signature]*

       Manuel Moses, Esq.
       236 West 26th Street Suite 303
       New York, New York 10001
       jibaru@nyc.rr.com
       Telephone (212) 736-2624 x11
       FAX: (212) 981-0528

To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK
----------------------------------------X
GEORGE JOSEPH SALLAI,
      Plaintiff,

                Civil Action No.07-CV 10346

vs.             **OBJECTION TO SERVICE OF PAPERS BY ELECTRONIC MEANS**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
      Defendants.
----------------------------------------X

**PLEASE TAKE NOTICE**, that the plaintiff objects to service of papers via electronic means. This does not include any potential electronic discovery related to emails or internet downloads.

**Certification Pursuant to *USCS Fed Rules Civ Proc R 26G* for objection to service of papers by electronic means; counsel for Plaintiffs affirms under penalties of perjury that to the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.**

Dated: January 21, 2008
New York, New York

                  MANUEL MOSES, ESQ.

                  Manuel Moses, Esq.
                  236 West 26th Street Suite 303
                  New York, New York 10001
                  jibaru@nyc.rr.com
                  Telephone (212) 736-2624 x11
                  FAX: (212) 981-0528


To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK
_____X
GEORGE JOSEPH SALLAI,
      Plaintiff,

                         Civil Action No.07-CV 10346
                         **DEMAND FOR A PROCEEDING**
                         **UNDER OATH**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
      Defendants.
_____X

SIR OR MADAM:

**PLEASE TAKE NOTICE,** that we will take the deposition of the following parties or persons, (all defendants) before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and material issues, as authorized by FRCP 26

| | |
|---|---|
| Date: | To Be Mutually Decided |
| Time: | 9:30 AM |
| Place: | Manuel Moses, Esq. |
| | 236 West 26th Street Suite 303 |
| | New York, New York 10001 |
| | (212) 736-2624 x11 |

      **PLEASE TAKE FURTHER NOTICE,** that the persons to be examined are required to produce all books, records and papers in their custody and possession that may be relevant to the issues herein.

**Certification Pursuant to** *USCS Fed Rules Civ Proc R 26G for a demand for a proceeding under oath; counsel for Plaintiffs affirms under penalties of perjury that t*o **the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.**

Dated: January 21, 2008
New York, New York

                              MANUEL MOSES, ESQ.

                              _____
                              Manuel Moses, Esq.
                              236 West 26th Street Suite 303
                              New York, New York 10001
                              jibaru@nyc.rr.com
                              Telephone (212) 736-2624 x11
                              FAX: (212) 981-0528

To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK
_____X
GEORGE JOSEPH SALLAI,
        Plaintiff,

                             Civil Action No.07-CV 10346

       vs.                   **EXPERT WITNESS DEMAND**
                             **AND ASSOCIATED REPORTS**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
        Defendants.
_____X

      **PLEASE TAKE NOTICE,** that demand is hereby made upon you, pursuant to FRCP 26 (a) (1) and (2) Disclosure of Expert Testimony. Demand is made to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

      **PLEASE TAKE NOTICE,** demand is also made for all written reports of your expert(s); prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

    *(i) a complete statement of all opinions the witness will express and the basis and reasons for them;*

    *(ii) the data or other information considered by the witness in forming them;*

    *(iii) any exhibits that will be used to summarize or support them;*

    *(iv) the witness's qualifications, including a list of all publications authored in the previous ten years;*

    *(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and*

    *(vi) a statement of the compensation to be paid for the study and testimony in the case.*

Disclose each person Defendant(s) expect(s) to call as an expert witness at trial.

1. Disclose in reasonable detail the qualifications of each expert witness. Include the following:

(a) What percentage of the expert's present total work performed is in private practice, in affiliated practice or as an expert witness?

(b) Length of time the expert has qualified as an expert in the field?

(c) Amount paid to the expert for their consultancy and is the expert on retainer for the firm or Defendant(s) and – if so- what is the amount of that retainer?

(d) As a percentage of all expert witness work performed in the field, what percentage was for Plaintiff, and what for Defense?

(e) Curriculum Vitale of Expert(s) or if internal to the NYPD their personnel folder.

(f) Published articles of Expert(s).

(g) Any special texts or learned treaties the expert has or will rely upon for their expert testimony or analysis.

(h) Any special text or learned treaties the expert recognized as acceptable authority in the particular field.

(i) Class standing of the expert. Undergraduate and graduate.

(j) Does the expert witness hold any teaching positions?

 (a) Disclose in detail the substance of the facts and opinions upon which each expert is expected to testify and a summary of the grounds for each expert's opinion.

 (b) All records the expert relied upon in making their analysis, including photos, written records, reports discussion and consultation with Defendant(s) and the sum and substance of said analysis and who the expert spoke to.

**PLEASE TAKE FURTHER NOTICE,** that Plaintiff's demand for expert witness information is continuing and ongoing and Plaintiff reserves their right to supplement or amend this demand up to and including the time of trial.

*Certification Pursuant to USCS Fed Rules Civ Proc R 26G for expert witness demand; counsel for Plaintiffs affirms under penalties of perjury that* to the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Dated: January 21, 2008
New York, New York

MANUEL MOSES, ESQ.

Manuel Moses, Esq.
236 West 26th Street Suite 303
New York, New York 10001
jibaru@nyc.rr.com
Telephone (212) 736-2624 x11
FAX: (212) 981-0528

To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

## AFFIRMATION OF MAILING

Manuel Moses, Esq. attorney for the Plaintiff GEORGE JOSEPH SALLAI, maintaining a law office at 236 West 26th Street Suite 303, New York, New York 10001 does hereby affirm under penalties of perjury that on January 21, 2008 I did mail a true and exact copy of these combined disclosure demands via Federal Express next day delivery to the last known address of the Defendant(s) attorney listed below:

To: Suzette Rivera, Esq.
Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-9567

Dated: January 21, 2008
New York, New York

Manuel Moses, Esq.
236 West 26th Street Suite 303
New York, New York 10001
jibaru@nyc.rr.com
(212) 736-2624 x11
(212) 981-0528 FAX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, STATE OF NEW YORK

------------------------------------------------------------X

GEORGE JOSEPH SALLAI,
      Plaintiff,

                              Civil Action No.07-CV 10346
vs.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
JANE AND JOHN DOE POLICE OFFICERS,
DUANE READE INC.,
      Defendants.

------------------------------------------------------------X

## COMBINED DEMANDS OF PLAINTIFF

*Certification Pursuant to USCS Fed Rules Civ Proc R 26G for combined demands. Counsel for Plaintiffs affirms under penalties of perjury that to the best of the my knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.*

Dated: January 21, 2008
New York, New York

                      **Manuel B. Moses,, Esq.**
                      **236 West 26th Street Suite 303**
                      **New York, New York 10001**
                      **jibaru@nyc.rr.com**
                      **(212) 736-2624 x11**

                      MANUEL MOSES, ESQ.