0415-8015/1016078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GEORGE JOSEPH SALLAI,

                                 Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER STEVEN MULVEY: Shield Number
10041, LT. POLICE OFFICER ROBERT
SULLIVAN, DUANE READE INC., and
SOTTILE SECURITY INTERNATIONAL, INC.

                                 Defendants.
-----------------------------------------------------------------x

ANSWER TO AMENDED COMPLAINT

07-civ- 10346 (JSK)

Filed by ECF on May 8, 2008

Trial by jury demanded

      Defendant Sottile Security International, Inc., ("Sottile") by its attorneys, Lester Schwab Katz & Dwyer, for its answer to the amended complaint, avers:

      1.     Sottile denies the allegations set forth in paragraph 1 of the amended complaint, except admits that the amended complaint purports to allege the claims stated.

      2.     Sottile denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 2 through 7 of the amended complaint.

      3.     Sottile admits so much of the *first* paragraph 8 of the amended complaint that it, as an independent contractor, provided security guard services to the Duane Reade store indentified in the amended complaint, but denies every other allegation set forth in that paragraph.

      4.     Sottile denies the allegations set forth in the *second* paragraph 8 of the amended complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

5. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 9 of the amended complaint.

6. Sottile denies the allegations set forth in paragraph 10 of the amended complaint as to it, and denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph as they pertain to any other defendant.

7. Sottile denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 11 through 13 of the amended complaint.

8. Sottile denies the allegations set forth in paragraphs 14 through 17 of the amended complaint as to it, and denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in those paragraphs as they pertain to any other defendant.

## ANSWERING THE SECOND CAUSE OF ACTION

9. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 18 of the amended complaint.

10. Sottile denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the amended complaint.

11. [In the amended complaint, paragraph 22 follows paragraph 19, skipping paragraphs 20 and 21.]

12. Sottile denies the allegations set forth in paragraphs 22 and 20 of the amended complaint. [In the amended complaint, paragraph 20 follows paragraph 22.]

### ANSWERING THE THIRD CAUSE OF ACTION

13.    Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 21 of the amended complaint.

14.    Sottile denies the allegations set forth in the *second* paragraph 22 [in the amended complaint, the *first* paragraph 22 is between paragraphs 19 and 20 in the second cause of action] and paragraph 23 of the amended complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

15.    Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 24 of the amended complaint.

16.    Sottile denies the allegations set forth in paragraphs 25 and 26 of the amended complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

17.    Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 27 of the amended complaint.

18.    Sottile denies the allegations set forth in paragraphs 28 and 29 of the amended complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

19.    Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 30 of the amended complaint.

20.    Sottile denies the allegations set forth in paragraphs 31 and 32 of the amended complaint.

### ANSWERING THE SEVENTH CAUSE OF ACTION

21. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 33 of the amended complaint.

22. Sottile denies the allegations set forth in paragraphs 34 and 35 of the amended complaint.

### ANSWERING THE EIGHTH CAUSE OF ACTION

23. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 36 of the amended complaint, and denies the allegations set forth in paragraphs 36 and 37 of the amended complaint as to it, and denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in those paragraphs as they pertain to any other defendant.

### ANSWERING THE NINTH CAUSE OF ACTION

24. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 38 of the amended complaint.

25. Sottile denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the amended complaint.

26. Sottile denies the allegations set forth in paragraphs 40 and 41 of the amended complaint.

## ANSWERING THE FIRST CAUSE OF ACTION[1]

27. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 42 of the amended complaint, and denies every other allegation in that paragraph.

28. Sottile denies the allegations set forth in paragraphs 43 and 44 of the amended complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

29. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 45 of the amended complaint.

30. Sottile denies the allegations set forth in paragraph 46 of the amended complaint as to it, and denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph as they pertain to any other defendant.

## ANSWERING THE THIRD CAUSE OF ACTION

31. Sottile adopts by reference its answers to the allegations adopted by reference in paragraph 47 of the amended complaint.

32. Sottile denies the allegations set forth in paragraph 48 of the amended complaint as to it, and denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph as they pertain to any other defendant.

---

[1] Following the first through ninth cause of action of the amended complaint, the numbering of the causes of action is restarted, and the last four claims are denominated as the first through fourth causes of action.

33. Sottile denies the allegations set forth in paragraph 49 of the amended complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

34. Sottile denies the allegations set forth in paragraphs 50 and 51 of the amended complaint as to it, and denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph as they pertain to any other defendant.

35. [Paragraph 52 of the amended complaint demands a jury and requires no response.]

## FIRST AFFIRMATIVE DEFENSE

36. Upon information and belief, plaintiff's arrest was justified by reason of the fact that he knowingly and with intent to steal, concealed possession of unpurchased merchandise belonging to Duane Reade without paying or offering to pay for the same.

## SECOND AFFIRMATIVE DEFENSE

37. Plaintiff's arrest and prosecution resulted from an investigation by the New York City Police Department and its officers, and was neither instigated nor procured by Sottile.

## THIRD AFFIRMATIVE DEFENSE

38. Upon information and belief, there was probable cause to arrest and prosecute plaintiff for the crimes charged.

## FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

40. Upon information and belief, during the time necessary for investigation and questioning, plaintiff was detained in a reasonable manner and for not more than a reasonable time, as there was reasonable grounds to believe that plaintiff was committing or attempting to commit larceny of merchandise owned by defendant Duane Reade.

41. Based on the foregoing, plaintiff's complaint is barred by New York General Business Law Section 218.

## SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

43. Sottile conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

44. Based upon the foregoing, Sottile is entitled to qualified immunity from the claims asserted in this action.

## EIGHTH AFFIRMATIVE DEFENSE

45. At all relevant times Sottile and its employee(s) acted in complete good faith, and without any intent to deprive plaintiff of his constitutional rights.

### NINTH AFFIRMATIVE DEFENSE

46. Plaintiff's injuries, if any, were caused, in whole or in part, by his own culpable conduct.

### TENTH AFFIRMATIVE DEFENSE

47. The liability of Sottile, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### ELEVENTH AFFIRMATIVE DEFENSE

48. In the event the plaintiff recovers a verdict or judgment against Sottile, then said verdict or judgment must been entered in accordance with CPLR 50-B.

### TWELFTH AFFIRMATIVE DEFENSE

49. In the event plaintiff recovers a verdict or judgment against Sottile then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### CROSS-CLAIM AGAINST DEFENDANTS THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER STEVEN MULVEY, LT. AND POLICE OFFICER ROBERT SULLIVAN ("NEW YORK CITY DEFENDANTS")

50. In the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part, by reason of the acts or omissions of the New York City Defendants without any wrongdoing on the part of defendant Sottile contributing thereto.

51. By reason of the foregoing, in the event that any judgment or verdict is recovered against defendant Sottile, defendant Sottile is entitled to indemnification from and to judgment over and against the New York City Defendants, or alternatively, for contribution from the New York City Defendants, equal to their proportionate share of responsibility as is adjudged between all the defendants herein.

### CROSS-CLAIM AGAINST DEFENDANT DUANE READE, INC.

52. In the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part, by reason of the acts or omissions of the Defendant Duane Reade, Inc. without any wrongdoing on the part of defendant Sottile contributing thereto.

53. By reason of the foregoing, in the event that any judgment or verdict is recovered against defendant Sottile, defendant Sottile is entitled to indemnification from and to judgment over and against Defendant Duane Reade, Inc., or alternatively, for contribution from Defendant Duane Reade, Inc., equal to their proportionate share of responsibility as is adjudged between all the defendants herein.

WHEREFORE, Sottile demands judgment dismissing the amended complaint, together with the costs and disbursements of this action.

Dated:   New York, New York
         May 8, 2008

                                LESTER SCHWAB KATZ & DWYER, LLP

                                s/_____
                                Thomas A. Catalano (tc-1625)
                                Attorneys for Defendant
                                SOTTILE SECURITY INTERNATIONAL, INC.
                                120 Broadway
                                New York, New York 10271
                                (212) 964-6611

TO:

Manuel Moses, Esq.
236 West 26th Street Suite 303
New York, NY 10001
jibaru@nyc.rr.
(212) 736-2624
Attorneys for Plaintiff

Suzette C. Rivera, Esq.
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007
srivera@law.nyc.gov
(212) 788-9567
Attorneys for the New York City Defendants

Rudolph Petruzzi, Esq.
Chesney, Murphy & Moran
2305 Grand Avenue
Baldwin, NY 11510
r.petruzzi@chesneymurphy.com
(516) 378-1700
Attorneys for Defendant Duane Reade